UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE KNORR,
Guardian of TIMOTHY RAY KNORR,
a Protected Person,

                Plaintiff,

v.

ALLSTATE INSURANCE CO.,

                Defendant.

_____/

Case No. 06-10373

HON. MARIANNE O. BATTANI

## OPINION AND ORDER DIRECTING DEFENDANT TO PAY OVERDUE EXPENSES AND ATTORNEY FEES

**I.   INTRODUCTION**

The Plaintiff commenced this suit under the Michigan No Fault Automobile Insurance Act, M.C.L. § 500.3101 *et seq.*, claiming that Defendant Allstate Insurance Company failed to provide required attendant care and home modification benefits to Timothy Knorr.  The Court must now determine what, if any, of Knorr's benefits remain unpaid and whether attorney fees should be awarded under M.C.L. § 500.3148(1).  For the reasons discussed below, Allstate is ordered to pay various overdue expenses totaling $41,177, in addition to $12,512.50 in attorney fees for the litigation brought in connection with obtaining payment for them.

II.     **STATEMENT OF FACTS**

In May 2000, Knorr was involved in an automobile accident and sustained serious injuries. Knorr required attendant care and home modifications. In February 2002, Knorr provided Allstate with proposed home modifications and requested Allstate's acceptance of the modifications. Knorr indicated that he anticipated bid proposals on the home modifications to range from $225,000 to $240,000, and Allstate decided to construct a new residence for Knorr instead of modifying Knorr's current home.

Litigation followed in Michigan state court relating to Knorr's attendant care benefits, and a September 2005, judgment required Allstate to pay attendant care benefits. On January 27, 2006, Knorr filed the present lawsuit, complaining that Allstate had failed to provide required attendant care benefits and home modifications. (Doc. 1). On January 31, 2006, Allstate paid attendant care benefits dating back to October 1, 2005.

On July 11, 2007, Allstate filed a motion for summary judgment. (Doc. 27). Allstate contended that, on January 31, 2006, it had paid Knorr's attendant care benefits from October 2005 through January 2006, and that it had paid the attendant care benefits in a timely manner ever since. In addition, Allstate claimed that it was entitled to summary judgment of Knorr's claim relating to home modification expenses, because Knorr had not incurred any home modification expenses. Allstate also requested a security interest in the home that would be constructed for Knorr.

On July 16, 2007, Knorr contracted to pay Bryer's Construction, Inc. $295,000 for the construction of a residence. At this time, Knorr made an initial payment of $30,000.

Allstate received notice of the $295,000 construction contract and Knorr's $30,000 payment on August 6, 2007.

Knorr responded to Allstate's motion for summary judgment and filed a counter-motion for summary judgment. (Doc. 30). Knorr sought attorney fees because Allstate had not paid the attendant care benefits in a timely manner. In addition, Knorr requested a judgment against Allstate for the $295,000 cost of the home construction. On August 30, 2007, Allstate agreed that it would pay $295,000 for the construction of the residence. In addition, Allstate paid $30,000 to Knorr and indicated that it would continue to reimburse Knorr for any funds expended towards construction of the home. Knorr subsequently paid an additional $30,000 to the builder, which Allstate timely reimbursed.

At an October 31, 2007 hearing, the Court granted in part and denied in part both Allstate's motion for summary judgment and Knorr's cross-motion for summary judgment. The Court ordered Allstate to pay the builder directly for the construction costs so that Knorr would not have to incur them in order to receive reimbursement from Allstate. In addition, the Court determined that Allstate was entitled to a reasonable security interest in the house being constructed. Finally, the Court found that Knorr was entitled to reasonable attorney fees under M.C.L. § 500.3148(1) for the litigation brought in connection with the late attendant care benefits, but the Court did not order any attorney fees on the home construction. The Court stated that, if the parties were unable to agree on the amount of the attorney fees and the nature of the security interest, an evidentiary hearing would be held to resolve these issues.

On November 7, 2007, Allstate paid $235,000—the remainder owed under the construction contract—to the builder. This Court subsequently scheduled an evidentiary hearing regarding the attorney fees and the security interest. On March 25, 2008, Knorr notified Allstate that the cost of the construction had increased pursuant to two change orders. In particular, the cost had increased $35,940, resulting in a total construction cost of $330,940. In April 2008, the parties agreed to settle "the attorney fee issue" for $10,000. Knorr subsequently sought to recover attorney fees relating to Allstate's delay in providing the housing accommodation/construction benefits. Just before the evidentiary hearing, the parties resolved the security interest issue, but Knorr still requested payment of various expenses and the attorney fees for this litigation.

**III.     ANALYSIS**

*1. Unpaid Expenses and Penalty Interest*

On October 13, 2008, Knorr filed a supplemental brief claiming that Allstate had failed to pay $41,177.00 in expenses, resulting in over $2,000 in no-fault penalty interest. (Doc. 42). In particular, Knorr contended that the expenses Allstate had failed to pay were (1) two construction change orders totaling $35,940, (2) a construction insurance policy in the amount of $1,080, and (3) probate fees and costs totalling $4,157.

This Court held a previously scheduled evidentiary hearing the next day. During the hearing, Allstate contended that it did not believe it was obligated to pay for the construction change orders until it received a signed housing accommodations agreement from Knorr, which it had just received that day. This is incorrect because

4

M.C.L. § 500.3142(2) states that "[p]ersonal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained."  Accordingly, Allstate was obligated to pay the change orders by April 24, 2008.  The fact that there was not yet a signed housing accommodations agreement did not relieve Allstate of its statutory duty to timely pay required benefits.

Regarding the construction insurance, Allstate stated during the hearing that it did not have the bill, but that it could pay the $1,080 along with any interest that day. Regarding the $4,157 in probate fees and costs, Allstate stated that any such fees and costs would be paid, but that it paid probate fees and costs directly to the probate attorney, and not to Knorr.  As Allstate has not disputed its obligation to pay these bills, the Court finds that Allstate must pay the aforementioned bills totaling $41,177, to the extent that they are unpaid.  Allstate may pay the probate fees and costs directly to the probate attorney.  In addition, Allstate must pay interest on the overdue payments, under M.C.L. § 500.3142(3), and money judgment interest, under M.C.L. § 600.6013(8).

### 2. Attorney Fees

Under M.C.L. § 500.3148(1),

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

Attorney fees are only payable when benefits are overdue, and "[o]verdue benefits give rise to a rebuttable presumption of unreasonable refusal or undue delay."  Moore v.

Secura Ins., 276 Mich. App. 195, 199 (Mich. Ct. App. 2007).  But, "[i]f the insurer's refusal or delay in payment is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty, the refusal or delay will not be found unreasonable under M.C.L. § 500.3148(1)."  Beach v. State Farm Mut. Auto. Ins. Co., 216 Mich. App. 612, 629 (Mich. Ct. App. 1996).

In Proudfoot v. State Farm Mut. Ins. Co., the Michigan Supreme Court reversed the Court of Appeals' grant of attorney fees related to home modification expenses because the expenses were not overdue under M.C.L. § 500.3142(2).  469 Mich. 476, 485 (2003).  The case involved a claimant who hired an architect to draw up plans for necessary home modifications.  Id. at 478.  The architect determined that the cost of the home modifications would be approximately $250,000.  Id.  The defendant had its own expert evaluate the home, asserted that the claimant's requested home modification expenses were unreasonable, and refused to pay the claimant's architect bills.  Id.  A jury determined that the architect fee was an allowable expense and that the architect's proposed home modifications were reasonably necessary.  Id. at 479.

The Michigan Supreme Court held that although the claimant could recover the attorney fees attributable to the architect's fees, the claimant could not recover attorney fees attributable to the home modification expenses because the home modification expenses were not overdue.  Id. at 485.  The home modification expenses were not overdue because the claimant had only gotten an architect to prepare plans for the home modification expenses and had not actually sustained a loss associated with the home modifications.  Id.  Expenses cannot be overdue unless they are incurred, and to incur an expense is "to become liable or subject to it, especially because of one's own

actions." Moore, 276 Mich. App. at 199 (quoting Proudfoot, 469 Mich. at 484) (alteration omitted).

Accordingly, in order to determine what attorney fees Knorr is entitled to, the Court must determine what, if any, incurred and overdue expenses Allstate unreasonably either delayed payment or refused to pay. As an initial matter, the parties have already settled the attorney fee issue as it relates to the late attendant care benefits, which this Court previously ordered Allstate to pay. In ordering Allstate to pay these reasonable attorney fees attributable to the late attendant care benefits, the Court considered whether any attorney fees should be awarded based on the home construction expenses, and determined that such fees should not be awarded.

In particular, the Court did not award attorney fees based on the home construction expenses because attorney fees may only be awarded under M.C.L. § 500.3148(1) when a claimant has incurred expenses for which payment from the insurer is overdue. See Moore, 276 Mich. App. at 199. The only expense relating to the home construction that Knorr had incurred at this time was the $295,000 home construction contract that Knorr signed on July 16, 2007, and notified Allstate of on August 6, 2007. Although Allstate did not pay the full cost of the housing construction contract, it did promptly reimburse the $60,000 in payments to the builder that Knorr had submitted to Allstate. It also agreed to reimburse Knorr for any other payments he made to the builder under the home construction contract. Furthermore, when this Court ordered Allstate to pay the builder for the cost of the home on October 31, 2007, Allstate paid in full within a week. Accordingly, because Allstate promptly reimbursed Knorr's home-construction-related expenses and paid the builder the full cost of the

7

home construction following this Court's order, the Court does not find that Allstate's delay in the payment of the home construction costs was unreasonable. See M.C.L. § 500.3148(1).

Knorr subsequently incurred additional expenses under the change orders, which increased the cost of the home construction by $35,940. Knorr notified Allstate of these change orders on March 25, 2008. In its March 31, 2008 evidentiary hearing brief, Allstate stated that the extra charges in the change orders had been, or would be, paid in full by Allstate. The change order expenses became overdue on April 24, 2008, and Allstate had not paid them at the time of the October 24, 2008, evidentiary hearing. See M.C.L. § 500.3142(2).

During the evidentiary hearing, Allstate agreed that it had not paid the change orders because the parties had been negotiating the agreement that would, among other things, provide Allstate with a security interest in the home. As the change orders were included in the agreement, Allstate believed it did not have to pay for them until the agreement was finalized.

This is incorrect because, as previously discussed, the finalization of the agreement had no bearing on Allstate's statutory duty to provide benefits within 30 days of receiving reasonable proof of the expense. See M.C.L. § 500.3142(2). In light of the Court's previous order directing Allstate to pay the builder directly for the costs of the house construction and the fact that there was no dispute concerning Allstate's obligation to pay the change orders, there was no reason for delay in payment. Therefore, the Court finds that Allstate unreasonably delayed payment of the change order expenses that became overdue on April 24, 2008. Accordingly, the Court awards

Knorr reasonable attorneys fees under M.C.L. § 500.3148(1) for the litigation arising from Knorr's attempts to obtain payment of the overdue change orders.

According to the claims in Knorr's October 13, 2008 supplemental brief, which Allstate has not contested, Allstate failed to pay various other benefits within 30 days of receiving notice of the expenses.  After review of these expenses, the Court finds that Allstate unreasonably delayed payment of the probate fees and costs and the construction insurance policy.  Allstate also unreasonably delayed payment of the architect's fees from October 7, 2007 through July 29, 2008.  Therefore, the Court awards Knorr reasonable attorney fees under M.C.L. § 500.3148(1) for the litigation attributable to Knorr's attempts to obtain payment of these overdue benefits.

Although there is no precise formula for determining reasonable attorney fees, the Court considers:

> (1) the professional standing and experience of the plaintiff's attorney;
>
> (2) the skill, time, and labor involved in the plaintiff's no-fault claim;
>
> (3) the amount in question and the results achieved by the plaintiff's attorney;
>
> (4) the difficulty of the no-fault case;
>
> (5) the expenses incurred; and
>
> (6) the nature and length of the professional relationship between the plaintiff's attorney and the plaintiff.

Moore v. Secura Ins., 276 Mich. App. 195, 203 (2007).

Review of the evidence submitted to the Court indicates that Plaintiff's attorney Richard Burns worked on obtaining payment of the previously-discussed overdue expenses from the end of 2007 and 2008.  It is not possible to determine precisely the

amount of time that Burns spent working on obtaining the payment of these overdue expenses, because this was just one facet of the significant ongoing litigation between Knorr and Allstate. Nevertheless, the Court, having reviewed the records Burns submitted, has determined that a reasonable estimation of the time Burns spent in litigation related to obtaining payment of the aforementioned overdue expenses is 45.5 hours.

Although Knorr also was represented by attorneys Arthur Liss and Nicholas Andrews in this lawsuit, there is not evidence that Liss and Andrews worked on the portions of the litigation that related to recovering the aforementioned overdue expenses. As such, the Court is not ordering Allstate to pay any attorney fees for the work of Andrews and Liss.[1]

The Court now must determine a reasonable hourly rate for Burns' work. Burns asks the Court to award him attorney fees at the rate of $400/hour. He notes that his usual hourly rate for non-complex no-fault insurance matters is $275/hour, but asserts that this case was complex because it involved negotiating the construction of a home and the issue of what security interest Allstate would receive in the newly constructed home. The attorney fees that have been awarded, however, are only for the litigation attributable to the payment of the construction change orders, the probate fees and costs, the construction insurance policy, and the architect's fees from October 7, 2007 through July 29, 2008. Resolution of these issues was not complicated because it only involved obtaining the payment of overdue expenses that Allstate never seriously

---

[1] In this lawsuit, Allstate already has paid $10,000 in attorney fees for the work Liss and Andrews did to obtain payment of Knorr's late attendant care benefits.

contested its obligation to pay. Therefore, after consideration of all the relevant factors, the Court determines that the appropriate attorney fee rate for Burns work in obtaining payment of these overdue expenses is his $275 usual-hourly rate for non-complex no-fault insurance matters. As such, the Court orders Allstate to pay $12,512.50 in attorney fees under M.C.L. § 500.3148(1).

## V.     CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Allstate pay the previously discussed expenses totaling $41,177 in addition to $12,512.50 in attorney fees. Allstate also must pay interest under M.C.L. §§ 500.3142(3) and 600.6013(8).


                                                    s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    UNITED STATES DISTRICT JUDGE


DATED: 1/09/09

**CERTIFICATE OF SERVICE**

    Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

                                      s/Colette Motowski

                                             Secretary

Dated: 1/09/09